UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SCOTTIE D. NELSON, | ) | |
| Institutional ID No. 1664978, | ) | |
| SID No. 5506902, | ) | |
| Previous TDCJ Nos. 738633, 1042399, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:13-CV-00036-BG |
| JEFF A. DURBEN, | ) | ECF |
| Correctional Officer IV, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### Statement of the Case

Proceeding *pro se* and *in forma pauperis*, Plaintiff Scottie D. Nelson commenced this action pursuant to 42 U.S.C. § 1983 seeking redress for constitutional violations that he claims occurred during his incarceration by the Texas Department of Criminal Justice (TDCJ). The United States District Court transferred this case to the undersigned United States Magistrate Judge for further proceedings. The undersigned thereafter conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985). The undersigned provided Nelson with an opportunity to consent to the jurisdiction of a United States Magistrate Judge, but Nelson did not consent. Pursuant to the Order transferring the case, the undersigned now files this Report and Recommendation.

### Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state

1

a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A (2013).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  A complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory[.]"  *Id.* at 327.  A complaint lacks an arguable basis in fact if the "factual contentions are clearly baseless."  *Id.*  A court may base a finding of frivolousness on a plaintiff's allegations and testimony at a *Spears* hearing.  *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991) (noting that trial judges "must ascertain what the plaintiff is claiming" to determine whether an *in forma pauperis* complaint is frivolous and reversing prior finding that evidence adduced at *Spears* hearing "did not meet adequate indicia of reliability").

As relevant here, § 1983 "imposes liability for violations of rights protected by the Constitution[.]"  *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 146, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)).  Accordingly, Nelson's claims should be dismissed unless his allegations "raise a non-frivolous constitutional claim[.]"  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

**Discussion**

Nelson claims that Officer Durben threatened him using vulgar language and sexual remarks on the morning of November 27, 2012.  Nelson has alleged that Durben made these threats after Nelson asked to be released from his cell for education, which Durben refused.  At the *Spears* hearing, Nelson testified that he was not harmed in any way by the incident.  However, he complained that Durben was not disciplined for his actions and that an inmate would be punished if he made the same remarks.

2

Although threats of a sexual nature are to be deplored whether they occur in prison or elsewhere, "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (quoting *Coyle v. Hughes*, 436 F. Supp. 591, 593 (W.D. Okla. 1977)); *see also Jane Doe 5 v. City of Haltom City*, No. 03-10631, 2004 WL 1777253, at **1 (5th Cir. Aug. 10, 2004) (per curiam) ("Verbal sexual harassment does not violate a detainee or inmate's constitutional rights[.]"). Accordingly, Nelson's allegations do not state a constitutional claim.

At the *Spears* hearing, Nelson also testified that he wrote grievances about Durben's conduct but that his complaints were not properly investigated. However, an inmate "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

### Recommendation

For the foregoing reasons, the undersigned recommends that the U.S. District Court **DISMISS** Nelson's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the

magistrate judge is not specific. Failure to timely file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Dated:   April 3, 2013.

_____
NANCY M. KOENIG
United States Magistrate Judge